UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| NETLIST INC., | |
| Plaintiff, | |
| v. | Civil Action No. 1:22-cv-00134-LY |
| | Civil Action No. 1:22-cv-00136-LY |
| MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., and MICRON TECHNOLOGY TEXAS, LLC, | |
| Defendants. | |

**DEFENDANTS' MOTION TO STAY PENDING *INTER PARTES* REVIEW OF THE ASSERTED PATENTS**

## **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ........................................................................................................... 1

II.     BACKGROUND ............................................................................................................. 2

III.    LEGAL STANDARDS.................................................................................................... 3

IV.    ARGUMENT.................................................................................................................... 4

        A.      Plaintiff Would Suffer No Prejudice or Tactical Disadvantage From a Stay .......... 4

        B.      A Stay Will Resolve This Litigation Entirely or Significantly Streamline It ......... 6

        C.      Discovery Is Not Complete and There Is No Trial Setting.................................... 7

V.      CONCLUSION................................................................................................................ 7

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Anza Tech., Inc. v. Avant Tech., Inc.*,
    No. A-17-CV-01193-LY, 2018 WL 11314191 (W.D. Tex. Nov. 15, 2018) ..........................4, 5

*Armor All/STP Prods. Co. v. Aerospace Commc'ns Holdings Co.*,
    No. 6:15-CV-781, 2016 WL 6397269 (E.D. Tex. Oct. 28, 2016) .............................4

*Crossroads Sys. v. DOT Hill Sys. Corp.*,
    No. 13-CA-800-SS, 2015 WL 3773014 (W.D. Tex. June 16, 2015) .............................*passim*

*Fisher-Price, Inc. v. Dynacraft BSC, Inc.*,
    No. 17-cv-3745-PJH, 2017 WL 5153588 (N.D. Cal. Nov. 7, 2017)................................4, 5, 6

*Neste Oil Oyj v. Dynamic Fuels, LLC*,
    Civil Action No. 12-1744-GMS, 2013 U.S. Dist. LEXIS 92416 (D. Del.
    July 2, 2013)...............................................................................................................7

*NFC Tech. LLC v. HTC Am., Inc.*,
    No. 2:13-CV-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) .............................6

*PersonalWeb Techs., LLC v. Facebook, Inc.*,
    No. 13-CV-01356, 2014 WL 116340 (N.D. Cal. Jan. 13, 2014)................................4

*Se. Metals Mfg. Co. v. Millennium Metals, Inc.*,
    No. 3:11-CV-1058-J-20, 2012 WL 983767 (M.D. Fla. Mar. 21, 2012) ...................4

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
    759 F.3d 1307 (Fed. Cir. 2014) .............................................................................5

**Statutes**

35 U.S.C. § 315(e)(2).........................................................................................................6

35 U.S.C. § 316(a)(11) ......................................................................................................3

**Other Authorities**

37 C.F.R. § 42.100(c)........................................................................................................3

## I.      INTRODUCTION

Defendants Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron Technology Texas, LLC ("Micron") respectfully move the Court for an immediate stay of this litigation[1] pending the complete resolution, through any appeals, of the *inter partes* review ("IPR") petitions filed at the Patent Trial and Appeal Board ("PTAB").[2]   Micron's IPR petitions challenge all the asserted claims in this litigation and may resolve this litigation in its entirety.   A stay of the litigation pending the outcome of these IPRs is warranted under the *Crossroads* test for three primary reasons.

*First*, a stay will not unduly prejudice or present a tactical disadvantage to Plaintiff Netlist Inc. ("Netlist").   If Micron's IPRs do not institute, then at most, Netlist will have had its litigation delayed by only four to six months.   Netlist's past actions in delaying service of its Complaint by over a month and a half demonstrates that this time period poses no prejudice.   Alternatively, if Micron's IPRs do institute, both parties will benefit from a stay whereby they resolve the dispositive invalidity issues in the IPR proceedings without having to devote resources to a parallel litigation that may become moot.   Moreover, if Netlist prevails in the IPRs, a stay will not diminish Netlist's ability to receive monetary damages for the stayed time period.

*Second*, a stay has substantial likelihood of simplifying the case by eliminating numerous, and maybe all, issues for trial.   Micron's IPR petitions challenge every asserted patent claim in the present case, and Netlist has not asserted any non-patent causes of action.   If the PTAB invalidates the claims from these four asserted patents, it will entirely resolve this litigation.

---

[1] The litigation includes both above-captioned cases—Civil Action Nos. 1:22-cv-00134-LY and -00136-LY, which are referred to as the "'134 case" and "'136 case," respectively, throughout this Motion.
[2] Micron's IPRs are filed as *Micron Technology, Inc. v. Netlist Inc.*, IPR2022-00236, IPR2022-00237, IPR2022-00418, IPR2022-00744, and IPR2022-00745.

*Third*, the status of litigation favors a stay because this litigation is in an early stage. The parties are in the middle of exchanging claim construction briefs and the *Markman* hearing is several weeks away. Fact discovery has not started, and the parties have not submitted opening expert reports or otherwise conducted any expert discovery. Accordingly, a stay of this litigation would reduce costs to both parties on discovery, especially expensive expert discovery.

## II.   BACKGROUND

On April 28, 2021, Netlist filed its two original complaints for patent infringement ("Original Complaints") against Defendants. '134 case, Dkt. No. 1; '136 case, Dkt. No. 1. Over a month and a half after filing these complaints, Netlist served the Original Complaints on Defendants on June 15. '134 case, Dkt. Nos. 15–17; '136 case, Dkt. Nos. 15–17. Netlist's Original Complaints assert infringement of four U.S. Patents: Nos. 8,301,833 (the "'833 Patent"); 10,489,314 (the "'314 Patent"); 9,824,035 (the "'035 Patent"); and 10,268,608 (the "'608 Patent") (collectively, the "Asserted Patents"). '134 case, Dkt. No. 1 (¶ 34); '136 case, Dkt. No. 1 (¶¶ 42, 73, 104). In the Original Complaints, Netlist asserted infringement of the '833 Patent Claim 15, '314 Patent Claim 15, '035 Patent Claim 1, and '608 Patent Claim 1. '134 case, Dkt. No. 1 (¶ 34); '136 case, Dkt. No. 1 (¶¶ 42, 73, 104).

On December 23, 2021, Micron submitted petitions for IPR challenging the validity of all asserted claims in the '035 and '608 Patents—that is, two of the three patents asserted in the '136 case. IPR2022-00236, Paper 2 (PTAB); IPR2021-00237, Paper 2 (PTAB).

On January 14, 2022, Micron submitted a petition for IPR challenging the validity of all asserted claims in the '833 Patent—the sole patent at issue in the '134 case. IPR2022-00418, Paper 2 (PTAB).

On February 14, 2022, Judge Alan D. Albright transferred the '134 case and the '136 case from the Waco Division to the Austin Division of this District. *See* '134 case, Dkt. No. 45;

'136 case, Dkt. No. 45.  After transfer, Micron conferred with counsel regarding a stipulated stay and prepared the present Motion to stay pending IPR.

On March 30, 2022, Micron submitted two petitions for IPR challenging the validity of all asserted claims in the '314 Patent.  IPR2022-00744, Paper 2 (PTAB); IPR2022-00745, Paper 2 (PTAB).

The PTAB is required, under 35 U.S.C. § 316(a)(11), to issue an institution decision no later than three months after Netlist files its preliminary responses, which are due on April 25 for IPR2022-00236 and -00237 and on June 10 for IPR2022-00418.[3]  After institution, 35 U.S.C. § 316(a)(11) requires the PTAB to issue its final written decision in an IPR "not later than 1 year after" the date of institution.  35 U.S.C. § 316(a)(11); *see also* 37 C.F.R. § 42.100(c).

The Court recently issued a new scheduling order through the *Markman* hearing.  *See* '134 case, Dkt. No. 54; '136 case, Dkt. No. 54.  The *Markman* hearing and tutorial are scheduled for May 12, 2022.

## III.    LEGAL STANDARDS

The Court's inherent power to manage its docket includes the power to stay proceedings pending IPR of a patent by the USPTO.  *Crossroads Sys. v. DOT Hill Sys. Corp.*, No. 13-CA-800-SS, 2015 WL 3773014, at *2 (W.D. Tex. June 16, 2015).  In deciding whether to grant a stay pending resolution of an IPR petition, a court considers (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues raised, and (3) the status of the litigation at the time the stay is

---

[3] Micron anticipates that the PTAB will issue an institution decision no later than July 25 for IPR2022-00236 and -00237 and September 12 for IPR2022-00418.  Micron also estimates that the PTAB will issue an institution decision in early October 2022 for IPR2022–00744 and –0745.

requested.   *Id.* (citations omitted); *see also Anza Tech., Inc. v. Avant Tech., Inc.*, No. A-17-CV-01193-LY, 2018 WL 11314191, at *2 (W.D. Tex. Nov. 15, 2018).

Courts have acknowledged that "there is a liberal policy in favor of granting such stays." *Se. Metals Mfg. Co. v. Millennium Metals, Inc.*, No. 3:11-CV-1058-J-20, 2012 WL 983767, at *1 (M.D. Fla. Mar. 21, 2012); *see also PersonalWeb Techs., LLC v. Facebook, Inc.*, No. 13-CV-01356, 2014 WL 116340, at *3 (N.D. Cal. Jan. 13, 2014).   "A stay is particularly justified when 'the outcome of a [USPTO] proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues.'" *Armor All/STP Prods. Co. v. Aerospace Commc'ns Holdings Co.*, No. 6:15-CV-781, 2016 WL 6397269, at *2 (E.D. Tex. Oct. 28, 2016).

## IV.   ARGUMENT

A stay of this litigation is warranted because the stay will not prejudice or create any tactical disadvantage to Netlist, it may simplify the issues in question and trial of the case by eliminating the case entirely, and the case is in an early stage.

### A.   Plaintiff Would Suffer No Prejudice or Tactical Disadvantage From a Stay

First, a stay will not unduly prejudice nor present a tactical disadvantage to Netlist.   The PTAB will decide whether to institute Micron's IPRs within the short time frame of four to six months.   If the IPRs do not institute, then the stay can be lifted and the litigation can progress without substantial delay.   *See Anza*, 2018 WL 11314191, at *2 (finding short stay of proceedings until PTAB issues an institution decision would not unduly prejudice plaintiff); *Fisher-Price, Inc. v. Dynacraft BSC, Inc.*, No. 17-cv-3745-PJH, 2017 WL 5153588, at *2–3 (N.D. Cal. Nov. 7, 2017) (finding pre-institution stay "would be beneficial" after case was transferred and listing other cases where the court granted pre-institution stays).   Netlist's own actions in this case demonstrate that a short stay poses no prejudice.   Before the case began, Netlist waited over a month and a half to

serve its Original Complaints.  *Compare, e.g.*, '134 case, Dkt. No. 1, *with id.*, Dkt. Nos. 15–17. Alternatively, however, if the IPRs do institute, then both parties will benefit by having the case dispositive issues resolved by specially trained IPR judges without having to start devoting expensive resources to discovery and other issues in this parallel litigation.  *Fisher-Price*, 2017 WL 5153588, at *2 (noting stay does not cause nonmoving party any prejudice "where the party has not invested substantial time and expense in the litigation").

Moreover, a stay will not prejudice Netlist because it will not diminish Netlist's monetary damages.  Potential monetary damages are all that are at issue in this case; this is not a case where Netlist has moved for a preliminary injunction.  *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318–19 (Fed. Cir. 2014) (noting fact that plaintiff did not seek a preliminary injunction weighed against any claim that it would be unduly prejudiced). Courts, in granting stays pending IPRs, routinely observe that stays somewhat delay, but do not diminish, a plaintiff's ability to seek potential monetary damages.  *See Crossroads Sys.*, 2015 WL 3773014, at *2 ("The fact of the matter is [plaintiff] seeks exclusively monetary damages, and mere delay in collecting those damages does not constitute undue prejudice.").  Accordingly, a stay will not unduly prejudice Netlist.

Further, if this Court grants a stay before the scheduled *Markman* hearing, this Court may benefit from any statements and reasoning the PTAB makes in construing the parties' disputed claim terms.  Like *Anza*, this Court may benefit if "the PTAB determines to initiate *inter partes* review of either [asserted patent], and if some claims survive that review, then statements and reasoning by the PTAB may be persuasive as this court construes the parties' disputed claim terms."  *Anza*, 2018 WL 11314191, at *2.  This Court correctly noted in *Anza* that "whatever occurs at the PTAB will potentially be helpful to the court in construing the parties' disputed claim terms."

*Id.* To do so, the Court would need to stay the proceedings before the scheduled *Markman* hearing to incorporate any helpful insights from the PTAB.

### B.    A Stay Will Resolve This Litigation Entirely or Significantly Streamline It

A stay will resolve this litigation entirely or, at the very least, significantly streamline it. Courts have observed that "the most important factor bearing on whether to grant a stay . . . is the prospect that the *inter partes* review proceeding will result in simplification of the issues before the [c]ourt." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *4 (E.D. Tex. Mar. 11, 2015). As the *NFC Technology* Court explained, "Congress's purpose in creating an *inter parte*s review procedure . . . was designed in large measure to simplify proceedings before the courts and to give the courts the benefit of the expert agency's full and focused consideration[.]" *Id.* Stated otherwise, Congress designed *inter partes* review proceedings to both simplify and streamline patent litigation issues in district courts.

Here, and in response to Micron's IPR petitions, the PTAB will determine whether any claims asserted by Netlist are unpatentable. If the PTAB determines all challenged patent claims are unpatentable, it will resolve the entire district court litigation, including all counterclaims and defenses. *Fisher-Price*, 2017 WL 5153588 at *3 ("[W]hen a claim is cancelled in any such parallel proceeding, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot." (internal quotes omitted)). Even if the PTAB does not determine all claims are unpatentable, 35 U.S.C. § 315(e)(2) provides for invalidity estoppel ("The petitioner in an *inter partes* review of a claim in a patent under this chapter that results in a final written decision under section 318(a) . . . may not assert either in a civil action arising in whole or in part under section 1338 of title 28 . . . that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that *inter partes* review."). Indeed, Micron has filed stipulations expanding this estoppel effect. *See* '134 case, Dkt. No. 35; '136 case,

Dkt. No. 35.  Accordingly, the final IPR decisions will significantly simplify trial if any asserted claim survives from the IPRs.  Therefore, a stay of the present litigation through the IPR final decisions and any appeals of those decisions will dramatically simplify, or even resolve entirely, the issues in question and trial of this case.

### C.      Discovery Is Not Complete and There Is No Trial Setting

The status of litigation favors a stay because this case is in its infancy.  "Staying a case in its early stages can be said to advance judicial efficiency and maximize the likelihood that neither the Court nor the parties expend their assets addressing invalid claims." *Neste Oil Oyj v. Dynamic Fuels, LLC*, Civil Action No. 12-1744-GMS, 2013 U.S. Dist. LEXIS 92416, at *15 (D. Del. July 2, 2013) (internal quotes omitted).  The parties are in the middle of claim construction briefing and have not yet started fact discovery.  Neither this Court nor the previous court set a trial date for the above-captioned cases. *See* '134 case, Dkt. No. 30; '136 case, Dkt. No. 30.  Expert discovery has not begun, which is a significant expense for both parties; a stay would dramatically cut costs on expert discovery for patent claims that the PTAB invalidates.

A stay also would provide a significant benefit in judicial efficiency.  As the court explained in *Crossroads*, "[t]he finality of any judgment rendered by this [c]ourt will be dubious so long as the PTAB retains authority to review, and therefore invalidate, the asserted claims, and [t]his has consistently been the [c]ourt's position with regard to stays under the new America Invents Act procedures." 2015 WL 3773014, at *4.  Accordingly, under all three factors the *Crossroads* court set forth, it is appropriate to stay the present litigation pending the resolution of any IPR proceedings and any subsequent appeals of the instituted IPRs.

## V.     CONCLUSION

A stay of this litigation is appropriate because the stay will not prejudice Netlist, it will simplify the issues in question and trial of the case, and the case is in its early stages.  Accordingly,

Defendants respectfully request that the Court stay the present litigation pending the complete resolution, through any appeals, of the *inter partes* review ("IPR") petitions filed at the Patent Trial and Appeal Board ("PTAB").

Dated: April 1, 2022                                  Respectfully submitted,

                                                     */s/ Natalie L. Arbaugh*
                                                     Thomas M. Melsheimer
                                                     State Bar No. 13922550
                                                     TMelsheimer@winston.com
                                                     Natalie Arbaugh
                                                     State Bar No. 24033378
                                                     NArbaugh@winston.com
                                                     Barry K. Shelton
                                                     State Bar No. 24055029
                                                     BShelton@winston.com
                                                     WINSTON & STRAWN LLP
                                                     2121 N. Pearl Street, Suite 900
                                                     Dallas, TX 75201
                                                     Telephone: (214) 453-6500
                                                     Facsimile: (214) 453-6400

                                                     Michael R. Rueckheim
                                                     State Bar No. 24081129
                                                     MRueckheim@winston.com
                                                     WINSTON & STRAWN LLP
                                                     255 Shoreline Drive, Suite 520
                                                     Redwood City, CA 94065
                                                     Telephone: (650) 858-6500
                                                     Facsimile: (650) 858-6559

                                                     Matthew Hopkins
                                                     *Pro Hac Vice*
                                                     State Bar No. 1500598
                                                     mhopkins@winston.com
                                                     WINSTON & STRAWN LLP
                                                     1901 L Street, N.W.
                                                     Washington, DC 20036
                                                     Telephone: (202) 282-5000
                                                     Facsimile: (202) 282-5100

Juan C. Yaquian
State Bar No. 24110559
JYaquian@winston.com
WINSTON & STRAWN LLP
800 Capital Street, Suite 2400
Houston, TX 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

**ATTORNEYS FOR DEFENDANTS**
**MICRON TECHNOLOGY, INC.,**
**MICRON SEMICONDUCTOR PRODUCTS,**
**INC., MICRON TECHNOLOGY TEXAS,**
**LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2022, the foregoing document was electronically filed with the Clerk of Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record, including counsel of record for Plaintiff, Netlist Inc.

*/s/ Natalie L. Arbaugh*
Natalie L. Arbaugh

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for the parties met and conferred on April 1, 2022, and Plaintiff indicated that they oppose this Motion.

*/s/ Natalie L. Arbaugh*
Natalie L. Arbaugh