IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., and MICRON TECHNOLOGY TEXAS LLC,<br><br>　　　　　　　Defendants. | Civil Action No. 1:22-cv-00134-DII<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., and MICRON TECHNOLOGY TEXAS LLC,<br><br>　　　　　　　Defendants. | Civil Action No. 1:22-cv-00136-DII<br><br>**JURY TRIAL DEMANDED** |

**JOINT STATUS REPORT**

Pursuant to this Court's Order dated February 7, 2024 (Dkt. 85), Plaintiff Netlist, Inc. ("Plaintiff") and Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron Technology Texas LLC (collectively, "Defendants") hereby submit the following joint status report regarding pending inter partes review proceedings relating to the Patents-in-Suit:

**POSITIONS OF THE PARTIES**

**I.  NETLIST'S POSITION**

Netlist intends to move to lift the stay in the above captioned cases solely for the purpose of moving to transfer these litigations to the Eastern District of Texas. Netlist is asserting the

1

following patents: U.S. Patent Nos. 9,824,035 (the '035 patent), 10,268,608 (the '608 patent), 10,489,314 (the '314 patent), and 8,301,833 (the '833 patent). The '608 patent has been construed by Chief Judge Gilstrap in the Eastern District of Texas in a litigation brought by Netlist against Samsung LRDIMMs that has been consolidated with a litigation brought by Netlist against Micron LRDIMMs. *Netlist Inc.* v. *Samsung Electronics, Co. LTD.,* Case No. 2:22-cv-293-JRG (E.D. Tex.), Dkt. 30 (consolidating *Netlist Inc. v. Samsung Electronics, Co. LTD.* with *Netlist Inc. v. Micron Technology Texas, LLC, et al.*); *id.,* Dkt. 228 (claim construction order regarding '608 patent).

As set forth below in Section II, the PTAB rejected Micron's challenge to the '608 patent.[1] Similarly, claims 2 and 6 of the '035 patent survived Micron's *inter partes* review challenge, and Micron did not appeal. The PTAB also rejected Micron's challenge to the '314 patent, finding that none of the claims were unpatentable. While Micron has appealed that decision, this does not warrant maintenance of the stay. *See UNM Rainforest Innovations v. TP-Link Techs. Co*., No. 6:19-CV-00262-ADA, 2023 WL 2638273, at *3 (W.D. Tex. Mar. 24, 2023) ("[T]he case law concerning motions to extend stays pending Federal Circuit review of a PTAB decision in an IPR proceeding substantially favors lifting the stay.") (quoting *Dermafocus LLC v. Ulthera, Inc*., No. 15-654, No. 15-654, 2018 WL 5113960, at *2 (D. Del. Oct. 19, 2019); *see also id.* ("[T]he mere possibility ... that the asserted claims could be invalidated [after an] appeal and [that this would] result in simplification is too speculative to be given much weight.").

Finally, while the PTAB invalidated the challenged claims of the '833 patent, Micron has

---

[1] While Micron has filed a "me too" petition to join Samsung's pending challenge to the '608 patent, Netlist's infringement case against Samsung involving that same patent has not been stayed and is set for trial in in roughly two months in the Eastern District of Texas. *Netlist Inc.* v. *Samsung Electronics, Co. LTD.,* Case No. 2:22-cv-293-JRG (E.D. Tex.).

filed suit in Idaho alleging that Netlist's claim for infringement of the '833 patent was brought in bad faith. *Micron Technology, Inc. et al v. Netlist, Inc.*, 1:24-cv-00001-DCN (D. Idaho). Netlist has moved to dismiss, or in the alternative transfer, that case to the Western District of Texas, based in part on the fact that Micron's bad faith claim is a compulsory counter claim that Micron was required to bring in the underlying infringement litigation. Contrary to Micron's assertion below, it is Micron who is acted in bad faith by engaging in clear forum shopping rather than raising its bad faith claim in Texas as it was required to do. Thus, tto the extent that the Idaho court declines to dismiss Micron's bad faith claim outright, that claim should be litigated in Texas.

. The cases should also be transferred to the Eastern District of Texas, Marshall Division. That court is currently presiding over two other infringement cases between Netlist and Micron and has conducted two separate claim constructions on patents involving related technology. *Netlist, Inc. v. Micron Technology Inc. et. al.*, Case No. 22-cv-203-JRG (E.D. Tex.); *Netlist, Inc. v. Micron Technology Inc. et. al.*, Case No. 22-cv-294 (E.D. Tex.).  As noted above, the Eastern District of Texas is also presiding over another suit between Netlist and Samsung involving the '608 patent. That case is currently set for trial in April, 2024.  Thus, the convenience of the parties and judicial economy favor transfer to the Eastern District of Texas, which is already familiar with the technology at issue and is set to have trial in case involving the '608 patent in roughly two months. This, among other factors, favors transfer.  *See XY, LLC v. Trans Ova Genetics, LC*, No. W-16-CA-00447-RP, 2017 WL 5505340, at *16 (W.D. Tex. Apr. 5, 2017) ("The undersigned finds that judicial economy favors transfer. The efforts expended by the District of Colorado to become familiar with the technology at issue weigh extensively in favor of transfer.").

For the reasons set forth above, Netlist will be filing a formal motion seeking to lift the stay and transfer this case to the Eastern District of Texas.

## II. MICRON'S POSITION

The relevant IPR statuses are listed in Section III below.

In preparing this joint status report, Netlist first argued that it will seek to lift the stay because the asserted patents "are now ready for trial." 2/20/24 Draft Joint Status Report. Micron informed Netlist that this is not true. To the contrary,

- All asserted claims from the '833 patent were found invalid and the time for Netlist to appeal that decision has expired. The '833 patent is the sole patent asserted in Case No. 1:22-cv-134. Micron asked Netlist to confirm that it will move to dismiss the -134 Case with prejudice. Netlist to-date has refused to respond.

- All asserted claims from the '608 patent are being challenged in IPR2023-00847. That challenge instituted two months ago and Micron filed a substantially similar IPR challenge and motion seeking to join IPR2023-00847. Samsung has moved to stay its litigation involving the '608 patent pending resolution of IPR challenges. *See Netlist Inc.* v. *Samsung Electronics, Co. LTD.,* Case No. 2:22-cv-293-JRG (E.D. Tex.), ECF 285.

- Two asserted claims from the '035 patent survived the IPR challenges. The '035 patent is related to the '608 patent, shares a near identical specification disclosure, and includes many similar claim limitations. Disputes regarding the scope of these claim limitations will likely be narrowed or resolved in light of the arguments presented in IPR2023-00847.

- The PTAB found that the '314 patent claims were not shown unpatentable on very narrow grounds. For IPR2022-00744, the PTAB found a single claim construction issue "dispositive." IPR2022-00744, Paper 34 at 6. For IPR2022-00745, the PTAB ruling focused on the prior art's teaching with respect to a single claim element [15.6]. IPR2022-00745, Paper 34 at 18. These results are being appealed and resolution of that appeal will likely significantly narrow or resolve the parties' disputes for this claim construction issues and claim limitation 15.6 in the present case.

Netlist has now changed strategy in an apparent realization that it has no valid basis for lifting the stay and restarting litigation in the Western District of Texas where Netlist filed suit. Specifically, Netlist is now arguing to lift the stay "solely for the purpose of moving to transfer these litigations to the Eastern District of Texas." Netlist sprung this new strategy on Micron late in the day today on the filing deadline (2/21/24).

4

There is no reason to lift the stay at this time. The Court granted Micron's motion requesting a stay "pending the complete resolution, through any appeals, of the *inter partes* review" Case No. 1:22-cv-134, ECF 58 at 1; Case No. 1:22-cv-136, ECF 59 at 1. The '608 patent IPR challenges are not resolved—IPR2023-00847 instituted two months ago and is continuing towards oral arguments and a final written decision. Nor are the '314 patent IPR appeals completed. Indeed, the final PTAB decisions for the '314 patent IPRs issued almost four months ago and the appeals are already underway. Netlist has identified no reason for its delay in seeking to lift the stay when all signs otherwise indicated that Netlist understood that the stay would continue through resolution of the appeals. Netlist's citation to *NM Rainforest Innovations v. TP-Link Techs. Co.*, No. 6:19-CV-00262-ADA, 2023 WL 2638273, at *3 (W.D. Tex. Mar. 24, 2023) is inapposite. That case denied a motion to stay and did not address whether to lift a stay when IPR challenges involving the asserted patents were pending in the PTAB and in the Federal Circuit.

Courts have continued stays through the end of appeals in similar situations in the interest of efficiency and economy. *See, e.g., AgroFresh Inc.*, No. 16-662, 2019 WL 2327654 at *3 (D. Del. May 31, 2019) (granting stay until resolution of Federal Circuit appeal of IPR decision despite late stage of litigation); *Novartis AG v. HEC Pharm Co.*, 183 F. Supp. 3d 560, 562 (D. Del. 2016) (granting stay through IPR appeal, noting that "it would be complicated and potentially wasteful for the Court to litigate the [patent-in-suit] at the same time as the Federal Circuit is reviewing its validity"); *Safe Storage LLC v. Dell Inc.*, No. CV 12-1624-GMS, 2016 WL 11689536, at *2 (D. Del. Mar. 11, 2016) (denying Plaintiff's motion to lift the stay until after resolution of anticipated appeals to Federal Circuit); *Andrea Elecs. Corp. v. Apple Inc.*, No. 16CV5220, 2019 WL 3712120, at *2 (E.D.N.Y. Aug. 6, 2019) (denying motion to lift stay and granting motion to extend stay pending final resolution of IPR appeal); *Bos. Sci. Corp. v. Cook Grp. Inc.*, No. 117CV03448, 2019

WL 2511162, at *3 (S.D. Ind. June 17, 2019) (denying motion to lift stay, continuing stay pending a final decision by the Federal Circuit); *Realtime Data LLC v. Silver Peak Sys., Inc.*, No. 17-CV-02373, 2018 WL 3744223, at *2 (N.D. Cal. Aug. 7, 2018) (denying motion to lift stay, finding that waiting for the conclusion of the pending appeals "advances the court's and parties' interests in avoiding unnecessary expenditure of resources").

Netlist's arguments regarding transfer are even less compelling. Netlist is seeking to transfer the case because it is unsatisfied that this Court stayed the case and Netlist hopes to get a second bite at the apple in the Eastern District of Texas. This is impermissible forum shopping and a blatant attempt to usurp this Court's authority. *See, e.g., Royal Queentex Enters. v. Sara Lee Corp.*, No. C-99-4787, 2000 WL 246599, at *3 (N.D. Cal. Mar. 1, 2000) ("Circumstances in which a plaintiff's chosen forum will be accorded little deference include cases of anticipatory suits and forum shopping") (citing *Mission Ins. Co. v. Purina Fashions Corp.*, 706 F.2d 599, 602 n. 3 (5th Cir.1983)). Netlist's argument regarding the '608 patent recently being construed by Judge Gilstrap also ignores that motions to transfer require analysis of the factors when the case was filed, which here was years before Judge Gilstrap's claim construction.[2] *See In re EMC Corp.*, 501 Fed. Appx. 973, 976 (Fed. Cir. 2013) ("considerations of judicial economy arising after the filing of a suit" are not given weight); *ACQIS LLC v. MiTAC Computing Technology Corporation*, No. 20-cv-962-ADA, 2021 WL 4805431, at *1 (W.D. Tex. Oct. 14, 2021) ("Courts evaluate these factors based on the situation which existed at the time of filing, rather than relying on hindsight knowledge") (citing *Hoffman v. Blaski*, 363 U.S. 335, 343, 80 S. Ct. 1084, 4 L. Ed. 2d 1254

---

[2] This argument also ignores that only Netlist and *Samsung* (ie. not Micron) argued claim construction for the '608 patent in the Eastern District of Texas (because the '608 patent is not asserted against Micron in the Eastern District of Texas). By contrast, Netlist and *Micron* have fully briefed claim construction positions on the relevant '608 patent terms between the parties ***in this District***. *See* -136 Case, ECF 66.

6

(1960)). Netlist's transfer argument also ignores that the parties previously negotiated a joint stipulation to transfer the cases to the Western District of Texas Austin Division *in return for* Micron giving up its right to move to transfer the cases to Idaho. *See, e.g.,* Case No. 6:21-cv-430, ECF 43. Netlist cannot demonstrate that any of the transfer deterministic factors, stated by *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004), weigh in favor of usurping the stay imposed by this Court by sending the cases to a different Judge to see if Netlist can get a different result.

Netlist's reference to Micron's bad-faith claims in Idaho is a red-herring. Micron brought those Idaho state law claims because, in part, Netlist was asserting objectively invalid claims. Netlist's continued assertion of those claims, now that the PTAB has found the claims invalid and Netlist did not appeal that result, is egregious and an act of bad-faith.

## STATUS OF IPRS

### III. U.S. PATENT NO. 9,824,035 (PTAB CASE NO. IPR2022-00236) (FINAL WRITTEN DECISION ISSUED)

- On December 23, 2021, Defendants filed a Petition for *Inter Partes* Review of U.S. Patent No. 9,824,035.
- On July 19, 2022, the Board granted the Petition and trial was instituted.
- On October 11, 2022, Plaintiff submitted its Patent Owner's Response.
- On January 17, 2023, Defendants submitted their Reply to Patent Owner's Response.
- On February 28, 2023, Plaintiff submitted its Sur-Reply to Defendants Reply to Patent Owner's Response.
- On April 19, 2023, an Oral Argument for the proceeding commenced.
- On June 20, 2023, the Board issued its Final Written Decision affirming validity of claims 2, 6, and 22, and finding claims 1, 10-13, and 21 invalid.
- On July 20, 2023, Defendants filed a request for rehearing and on August 16, 2023, the Board granted the request and found claim 22 invalid. Following the rehearing, the validity of claims 2 and 6 was confirmed, and claims 1, 10-13, 21, and 22 were held invalid.

IV. **U.S. PATENT NO. 10,268,608**

    A. **DEFENDANTS' FIRST IPR (PTAB CASE NO. IPR2022-00237) (*INSTITUTION DENIED*)**

- On December 23, 2021, Defendants filed a Petition for *Inter Partes* Review of U.S. Patent No. 10,268,608.
- On July 19, 2022, the Board denied the Petition, and no trial was instituted.
- On August 12, 2022, the Defendants filed a request for rehearing and on September 16, 2022, the Board denied the request.

    B. **SAMSUNG'S IPR (PTAB CASE NO. IPR2023-00847) (*INSTITUTED*)**

- On April 27, 2023, Samsung Electronics Co., Ltd. filed a Petition for *Inter Partes* Review of U.S. Patent No. 10,268,608.
- On December 12, 2023, the Board granted the Petition and trial was instituted.

    C. **DEFENDANTS' SECOND IPR (PTAB CASE NO. IPR-2024-00370) (*MOTION FOR JOINDER PENDING*)**

- On January 10, 2024, Defendants filed a Petition for *Inter Partes* Review of U.S. Patent No. 10,268,608. The IPR is substantially similar to Samsung's IPR2023-00847.
- On January 10, 2024, Defendants also filed a Motion for Joinder to Samsung's IPR2023-00847.

V. **U.S. PATENT NO. 10,489,314 (PTAB CASE NOS. IPR2022-00744 AND IPR2022-00745) *(FINAL WRITTEN DECISIONS ISSUED – APPEAL PENDING)***

- On March 30, 2022, Defendants filed two Petitions for *Inter Partes* Review of U.S. Patent No. 10,489,314.
- On November 1, 2022, the Board granted the Petitions and trial was instituted.
- On February 7, 2023, Plaintiff submitted its Patent Owner's Response.
- On May 5, 2023, Defendants submitted their Reply to Patent Owner's Response.
- On June 16, 2023, Plaintiff submitted its Sur-Reply to Defendants Reply to Patent Owner's Response.
- On August 15, 2023, Oral Argument for the proceedings was held.
- On October 30, 2023, the Board issued two Final Written Decisions determining no challenged claims unpatentable in either of the IPR proceedings.
- The Federal Circuit docketed Micron's appeal in consolidated CAFC Case Nos. 24-1312 (Lead) and 24-1313.

- On February 12, 2024 the Federal Circuit confirmed receipt of the Certified List.

Further, as a courtesy to the Court, the parties hereby submit status updates regarding the IPR proceeding challenging the patent that Netlist is asserting against Micron in the Western District of Texas in the above captioned cases:

### VI. U.S. PATENT NO. 8,301,833 (PTAB CASE NO. IPR2022-00418) (*FINAL WRITTEN DECISION ISSUED*)

- On January 14, 2022, Defendants filed a Petition for *Inter Partes* Review of U.S. Patent No. 8,301,833.
- On September 1, 2022, the Board granted the Petition and trial was instituted.
- On November 25, 2023, Plaintiff submitted its Patent Owner's Response.
- On February 17, 2023, Defendants submitted their Reply to Patent Owner's Response.
- On March 31, 2023, Plaintiff submitted its Sur-Reply to Defendants Reply to Patent Owner's Response.
- On June 7, 2023, an Oral Argument for the proceeding was held.
- On August 28, 2023, the Board issued its Final Written Decision finding challenged claims 1, 3-17, and 19-30 invalid.
- On December 11, 2023, Micron sued Netlist in Idaho state court alleging that the Netlist's suit alleging infringement of the '833 patent was brought in bad faith under Idaho Code § 48-1701, et seq. Netlist then removed to federal court. *Micron Technology, Inc. et al v. Netlist, Inc.*, 1:24-cv-00001-DCN (D. Idaho).
- On February 7, 2024, Netlist moved to dismiss or in the alternative transfer Micron's bad faith claim to the Western District of Texas on the ground that this was a compulsory counterclaim to Micron's complaint asserting infringement of the '833 patent. That motion is still pending.

Dated: February 21, 2024                                Respectfully Submitted,

*/s/ Kelly Ransom*                                      /s/ *Michael R. Rueckheim*
Kelly Ransom                                            Thomas M. Melsheimer
Kelly Hat Hallman LLP                                   State Bar No. 13922550
303 Colorado, Suite 2000                                TMelsheimer@winston.com
Austin, TX 78701                                        Natalie Arbaugh
(512) 495-6429                                          State Bar No. 24033378
Email: kelly.ransom@kellyhart.com                       NArbaugh@winston.com

| | |
|---|---|
| Jason Sheasby (*pro hac vice* pending)<br>jsheasby@irell.com<br>Michael Harbour (*pro hac vice* pending)<br>mharbour@irell.com<br>IRELL & MANELLA LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>Tel. (310) 277-1010<br><br>Philip Warrick (*pro hac vice* pending)<br>pwarrick@irell.com<br>IRELL & MANELLA LLP<br>750 17th Street NW<br>Suite 850<br>Washington, DC 20006<br>Tel. (202) 777-6500<br><br>*Attorneys for Plaintiff*<br>Netlist, Inc. | Barry K. Shelton<br>State Bar No. 24055029<br>BShelton@winston.com<br>WINSTON & STRAWN LLP<br>2121 N. Pearl Street, Suite 900<br>Dallas, TX 75201<br>Telephone: (214) 453-6500<br>Facsimile: (214) 453-6400<br><br>Michael R. Rueckheim<br>State Bar No. 24081129<br>MRueckheim@winston.com<br>WINSTON & STRAWN LLP<br>255 Shoreline Drive, Suite 520<br>Redwood City, CA 94065<br>Telephone: (650) 858-6500<br>Facsimile: (650) 858-6559<br><br>Matthew Hopkins<br>*Pro Hac Vice*<br>State Bar No. 1500598<br>MHopkins@winston.com<br>WINSTON & STRAWN LLP<br>1901 L Street, N.W.<br>Washington, D.C. 20036-3506<br>Telephone: (202) 282-5000<br>Facsimile: (202) 282-5100<br><br>Juan C. Yaquian<br>*Pro Hac Vice*<br>State Bar No. 24110559<br>JYaquian@winston.com<br>WINSTON & STRAWN LLP<br>800 Capital Street, Suite 2400<br>Houston, TX 77002-2925<br>Telephone: (713) 651-2600<br>Facsimile: (713) 651-2700<br>**Attorneys for Defendants Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron Technology Texas, LLC** |

## **CERTIFICATE OF SERVICE**

    I hereby certify that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on this the 21st day of February, 2024.

                                                        /s/ *Kelly Ransom*