# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

NETLIST, INC.,

                Plaintiff,

v.

MICRON TECHNOLOGY, INC., MICRON
SEMICONDUCTOR PRODUCTS, INC., and
MICRON TECHNOLOGY TEXAS LLC,

                Defendants.

Civil Action No. 1:22-cv-00136-DII

**JURY TRIAL DEMANDED**

## PLAINTIFF NETLIST, INC.'S OPPOSED MOTION
## TO LIFT STAY AND TRANSFER VENUE

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.     INTRODUCTION ......................................................................................................1

II.    BACKGROUND .......................................................................................................2

       A.    Western District of Texas Action ..................................................................2

       B.    The Eastern District of Texas Actions ..........................................................4

III.   ARGUMENT .............................................................................................................5

       A.    This Action Could Have Been Brought in the Eastern District of
             Texas ..............................................................................................................6

       B.    The Private Interest Factors Favor Transfer .................................................7

             1.    The Practical Problems that Make Trial of a Case Easy,
                   Expeditious and Inexpensive Weigh in Favor of Transfer ......................8

             2.    The Private Interest Convenience Factors Favor Transfer to
                   the Eastern District ...........................................................................12

       C.    The Public Interest Factors Support Transfer ..........................................14

IV.    THE COURT SHOULD LIFT THE STAY FOR THE LIMITED
       PURPOSE OF TRANSFERRING THIS CASE...........................................................15

V.     CONCLUSION...........................................................................................................17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Absolute Software, Inc. v. World Computer Sec. Corp.*,
No. A-09-CA-142-LY (W.D. Tex. Dec. 2, 2009) .................................................................7

*In re Apple Inc.*,
979 F.3d 1332 (Fed. Cir. 2020) .................................................................................8, 15

*Clarke v. Commodity Futures Trading Comm'n*,
No. 1:22-CV-909-DAE, (W.D. Tex. Jan. 16, 2024) ....................................................11, 15

*In re Cray Inc.*,
871 F.3d 1355 (Fed. Cir. 2017) ................................................................................7

*Danmark v. Shenzhen Apaltek Co.*,
No. W-21-CV-00501-ADA, (W.D. Tex. May 6, 2022) .....................................................8

*DataQuill, Ltd. v. Apple Inc.*,
No. A-13-CA-706-SS, (W.D. Tex. June 13, 2014) ...........................................................14

*Dermafocus LLC v. Ulthera, Inc.*,
(D. Del. Oct. 19, 2019) ...........................................................................................16

*In re Eli Lilly & Co.*,
541 F. App'x 993 (Fed. Cir. 2013) ...............................................................................10

*In re EMC Corp.*,
501 Fed. Appx. 973 (Fed. Cir. 2013) ...........................................................................10

*Freeman v. Apple, Inc.*,
No. 3:23-CV-02426-WHO, (N.D. Cal. Aug. 9, 2023) ......................................................13

*Henry v. JP Morgan Chase & Co.*,
No. 14-CV-7176 (AJN), (S.D.N.Y. May 11, 2015) ..........................................................13

*Hoffman v. Blaski*,
363 U.S. 335 (1960) ...............................................................................................6

*In re HP, Inc.*,
No. 2018-0149, (Fed. Cir. Sept. 25, 2018) ....................................................................14

*Invensys Sys., Inc. v. Emerson Elec. Co.*,
No. 6:12-CV-00799, (E.D. Tex. July 25, 2014) ..............................................................12

**Page(s)**

*Lifestyle Sols., Inc. v. Abbyson Living LLC*,
(E.D. Tex. Nov. 10, 2017) ...................................................................................8, 12

*Motion Offense, LLC v. Google LLC*,
No. 6:21-CV-00514-ADA, (W.D. Tex. Oct. 4, 2022) ..............................................6

*Netlist v. Micron*,
No. 2:22-cv-00203-JRG-RSP (E.D. Tex. Jan. 3, 2024)..........................................12

*Network-1 Sec. Sols., Inc. v. Alcatel-Lucent USA Inc.*,
No. 6:11CV492, (E.D. Tex. Jan. 5, 2015) .............................................................16

*PersonalWeb Techs, LLC v. NEC Corp. of Am., Inc.*,
No. 6:11-CV-655, (E.D. Tex. Mar. 21, 2013) .........................................................8

*Scramoge Tech. Ltd. v. Apple Inc.*,
No. 6-21-CV-01071-ADA, (W.D. Tex. June 22, 2023) ...........................................8

*Topia Tech., Inc. v. Dropbox, Inc.*,
No. W-21-CV-01373-ADA, (W.D. Tex. Feb. 13, 2023)...................................10, 11

*Umbra Techs. Ltd. v. VMware, Inc.*,
No. 1:23-CV-904-DII, (W.D. Tex. Mar. 13, 2024) ..........................................11, 15

*Universal Pipe & Supply, Inc. v. Merchants Int'l, Inc.*,
No. 91 C 3566, (N.D. Ill. Oct. 16, 1991) ..............................................................13

*UNM Rainforest Innovations v. D-Link Corp.*,
No. 6:20-CV-00143-ADA, (W.D. Tex. Mar. 29, 2023) .......................................2, 3

*UNM Rainforest Innovations v. TP-Link Techs. Co.*,
No. 6:19-CV-00262-ADA, (W.D. Tex. Mar. 24, 2023) .........................................16

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
No.2014–1232, (Fed.Cir. July 10, 2014) ..............................................................12

*In re Volkswagen of Am., Inc.*,
545 F.3d 304 (5th Cir. 2008) .....................................................................5, 6, 8, 15

*In re Volkswagen of Am., Inc.*,
566 F.3d 1349 (Fed. Cir. 2009).............................................................................8

*Xenex Healthcare Servs., LLC v. LaRochelle*,
No. 5:17-CV-328-DAE, (W.D. Tex. June 23, 2017).............................................11

**Page(s)**

**Statutes**

28 U.S.C. § 1338................................................................................................................6

28 U.S.C. § 1400 (b) .........................................................................................................7

28 U.S.C. § 1404(a) .......................................................................................................1, 5

## I.     INTRODUCTION

The Eastern District of Texas, Marshall Division ("Eastern District" or "EDTX") is the center of gravity for the various patent disputes between the Netlist, Inc. ("Netlist") and Micron.[1] Netlist thus respectfully requests that the Court lift the stay and transfer this case to the Eastern District pursuant to 28 U.S.C. § 1404(a) to enable a speedy resolution of the parties' disputes. Netlist is asserting the following patents: U.S. Patent Nos. 9,824,035 (the '035 patent), 10,268,608 (the '608 patent), and 10,489,314 (the '314 patent).

More than two years ago, Micron requested a "short stay" of this case pending *inter partes* review of these patents, which this Court granted the day before a claim construction hearing was set to take place.  Since then the PTAB (1) rejected Micron's challenge to the '314 patent finding all claims patentable, (2) found that claims 2 and 6 of the '035 patent were patentable, and (3) denied institution of Micron's challenge to the '608 patent.[2]  Today, this case has no assigned judge and remains stayed.  The "short" stay has become a multiyear delay with no end in sight, while Micron continues to use Netlist's patents to compete with Netlist in the marketplace. This is unjust, and Netlist now seeks an efficient solution that would promote the speedy resolution of this dispute in the one venue that has developed the deepest understanding of the claimed technologies at issue.

Netlist is aware that the docket in the Western District is acutely impacted by the retirement of the judge who presided over this case.  In light of the parallel patent proceeding in the Eastern District of Texas involving the same patent, Netlist requests transfer of this case to the Eastern

---

[1] Defendants Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron Technology Texas, LLC are collectively referred to as "Micron."

[2] Another party (Samsung) has filed an additional *inter partes* review petition that Micron is attempting to join.

District of Texas.  Netlist has litigated five patent cases in the Eastern District. During this time, the Eastern District has developed expertise regarding the relevant technology, industry, and history between the parties, including from having overseen co-pending litigation regarding the asserted '608 Patent and patents in the same family as the '314 and '035 Patents at issue here.

Netlist has an "interest in the timely enforcement of its patent right." *UNM Rainforest Innovations v. D-Link Corp.*, No. 6:20-CV-00143, 2023 WL 2706748, *3 (W.D. Tex. Mar. 29, 2023). Absent a transfer, this case is likely years away from proceeding to trial given the substantial backlog in this district and the fact that a new judge, once assigned, will have to learn the complex technology at issue.  As a result, Netlist is being deprived of timely enforcing its patent rights against one of its largest competitors.  Transferring this case to the Eastern District will facilitate efficient resolution of this case without causing any undue prejudice to Micron.

To be clear, Netlist is not filing this motion because it prefers one district over another or one judge over others. Netlist is filing this motion because over the intervening period in which this case has been stayed, Netlist has litigated multiple cases before Chief Judge Gilstrap involving patents covering related technology and products.  These relevant considerations weigh heavily in favor of this case being transferred and litigated in the Eastern District.  For these and other reasons detailed below, Netlist respectfully moves to lift the stay and transfer this case to the Eastern District.

## II.     BACKGROUND

### A.     Western District of Texas Action

Netlist is a leading innovator in high-performance memory module technologies. Dkt. 1 ¶ 16. Netlist designs and manufactures a wide variety of high-performance products for the cloud computing, virtualization and high-performance computing markets. *Id.*  In April 2021, Netlist filed a complaint against Micron in this district alleging infringement of the '035 patent, the '608

patent, and '314 patent. These patents read on particular memory modules made by Micron called DDR4 LRDIMM memory products. *E.g.*, 22-cv-136, Dkt. 1 (Complaint), ¶¶ 7, 20-25, 27, 30, 33, 36, 37-40.[3] In November 2021, Micron moved to transfer this case to Idaho. Dkt. 32.

In February 2022, the parties stipulated to an intra-district transfer from the Waco Division to the Austin Division, and this case was assigned to Judge Yeakel. *Id.*, Dkt. 45. In April of 2022, on the eve of claim construction (Dkt. 54), Micron moved to stay this action pending *inter partes* review proceedings brought before the PTAB challenging the validity of Netlist's patents. Dkt. 59. Micron argued that the stay would be brief because "[t]he PTAB will decide whether to institute Micron's IPRs within the short time frame of four to six months" and further asserted that "a short stay poses no prejudice" to Netlist. *Id.* at 4. The day before the claim construction hearing was scheduled to occur, the Court granted Micron's motion finding that a stay "would not present a significant delay." Dkt. 69 at 2.

This was nearly two years ago. Since then, several of Micron's IPR challenges have been adjudicated in Netlist's favor. As set forth in the parties recently filed joint status report (Dkt. 82), the PTAB rejected Micron's challenge to the '608 patent.[4]  Similarly, claims 2 and 6 of the '035 patent survived Micron's *inter partes* review challenge, and Micron did not appeal. The PTAB also rejected Micron's challenge to the '314 patent, finding that none of the claims were unpatentable.[5]

---

[3] Netlist also filed a separate suit alleging infringement of U.S. Patent No. 8,301,833 (the "'833 patent"). *Netlist, Inc. v. Micron Tech., Inc.*, Nos. 22-cv-134-DII (W.D. Tex).

[4] While Micron has filed a "me too" petition to join Samsung's pending challenge to the '608 patent, Netlist's infringement case against Samsung involving that same patent has not been stayed and the only steps left in that case are the pretrial conference and trial. *Netlist Inc. v. Samsung Electronics, Co. LTD.*, Case No. 2:22-cv-293-JRG (E.D. Tex.).

[5] Netlist is separately moving to transfer the '833 case.  The PTAB found all challenged claims of the '833 patent unpatentable. Micron, however, filed suit in Idaho alleging that Netlist's

While this case was stayed, Judge Yeakel retired, and this was assigned to Vacant Austin District Judge Docket II. Dkt. 81. Since then, a new judge has yet to be assigned to this case. *Id.*

### B.     The Eastern District of Texas Actions

There are currently five litigations concerning Netlist's memory technology patents proceeding before Judge Gilstrap in the Eastern District. Two of the cases are against Samsung: *Samsung v. Netlist*, No. 21-cv-463 (E.D. Tex. Dec. 20, 2021) ("*Samsung I*") and *Netlist v. Samsung*, No. 22-cv-293 (E.D. Tex.) ("*Samsung II*"). The other three are against Micron: *Netlist v. Micron*, No. 22-cv-203 (E.D. Tex.) ("*Micron I*"), *Netlist v. Micron*, No. 22-cv-294 (E.D. Tex.) ("*Micron II*") *Netlist v. Micron*, No. 23-cv-628 (E.D. Tex.) (*"Micron III"*). Each of these cases is before Judge Gilstrap, and Micron has never contended that venue in the Eastern District is somehow improper.

Judge Gilstrap is now extensively familiar with the accused products and the patented technology at issue in this case.

**Accused Products**: Netlist accuses Micron's DDR4 LRDIMMs of infringement in this case.  DDR4 LRDIMMs are also at issue in ***each*** of the five lawsuits currently pending before Judge Gilstrap.

**Asserted Patents**: Netlist has asserted the '608 Patent before Judge Gilstrap.  The '035 shares the same patent specification as the '608 Patent in *Samsung II* and the '506 Patent in *Samsung I* and *Micron I*.  Substantially the same prior art has been asserted against the '035, '608

---

claim for infringement of the '833 patent was brought in bad faith. *Micron Technology, Inc. et al v. Netlist, Inc.,* 1:24-cv-00001-DCN (D. Idaho). Netlist has moved to dismiss, or in the alternative transfer, that case to Texas, based in part on the fact that Micron's bad faith claim is a compulsory counter claim that Micron was required to bring in the underlying infringement litigation. To the extent Micron's bad faith claim survives Netlist's motion to dismiss, it should also be litigated before Judge Gilstrap in the Eastern District of Texas.

and '506 patents based on art that Netlist has seen in the IPRs and the district court actions.

The '314 Patent shares the same patent specification as the '417 patent in *Samsung II* and *Micron II*.  The last limitation of the '314 patent, claim 1 and that of the '417 patent, claim 1 both recite "overall CAS latency of the memory module," based on which Micron has sought summary judgement on lack of written description and non-infringement.  *See Samsung II*, Dkts. 345, 370; *Micron II*, Dkt. 73, at p. 2-3.  The same issue will arise for the '314 patent.  Additionally, both patents recite control signals from a "logic" to a data buffer "circuity."  Micron has argued that the priority documents did not disclose such control signals for the '417 patent, an issue that would likely also arise for the '314 patent.

Over the course of the last two years, Judge Gilstrap and Judge Payne have overseen claim construction hearings and the entirety of fact and expert discovery in *Micron I, Micron II, Samsung I,* and *Samsung II*.  Judge Gilstrap presided over both a jury and bench trial in *Samsung I*, and *Micron II* is set to go to trial this month on April 29th. Further, in *Samsung II,* which involves the '608 patent, all discovery is complete and the parties are simply awaiting a trial date.

In addition to patent-law related issues, Judges Gilstrap and Payne have also considered issues related to JEDEC disclosure duties; standard essentiality under JEDEC IP policy; public accessibility of JEDEC contributions and ballots; participation in JEDEC by Netlist, Micron, and others in the industry; and relevance or irrelevance of FRAND principles with regards to patent damages.  *See e.g.*, *Samsung II*, Dkts. 340, 362; *Micron II*, Dkt. 73. The same issues are expected to arise also in connection with the '608, '314 and '035 patents.

## III.    ARGUMENT

To evaluate transfer under § 1404(a), courts first consider "whether a civil action 'might have been brought' in the destination venue." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312

(5th Cir. 2008) ("*Volkswagen II*") (citation omitted). If so, the court weighs eight private and public interest factors. The "private interest" factors include "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* at 315 (citation omitted). The "public interest" factors include, "[5] the administrative difficulties flowing from court congestion; [6] the local interest in having localized interest decided at home; [7] the familiarity of the forum with the law that will govern the case; and [8] the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (citation omitted).

As explained below, this action indisputably could have been brought in the Eastern District, and both the private and public interest factors weigh in favor of transferring this matter to the Eastern District.

### A.    This Action Could Have Been Brought in the Eastern District of Texas

A case "might have been brought" in the Eastern District if "venue, personal jurisdiction, and subject matter jurisdiction" would each lie there. *Motion Offense, LLC v. Google LLC*, No. 6:21-CV-00514-ADA, 2022 WL 5027730, at *10 (W.D. Tex. Oct. 4, 2022) (citing *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960)). Each requirement is satisfied in the Eastern District. This is demonstrated by the fact that Micron has never once contended that the Eastern District lacked personal or subject matter jurisdiction or that the venue was somehow improper.

First, the Eastern District has subject matter jurisdiction over patent cases under 28 U.S.C. § 1338. Second, the Eastern District could properly exercise personal jurisdiction over Micron. Micron conducts business within the State of Texas and the Eastern District more specifically. *Micron I*, Dkt. 145 (Second Amended Complaint in 22-cv-203), ¶¶ 9-10, 13; *Samsung II*, Dkt. 101

(Second Amended Complaint in 22-cv-294), ¶¶ 9-10, 13. Micron Texas, a wholly owned subsidiary of Micron Technology, has a regular and established place of business at 950 West Bethany Drive, Suite 120, Allen, Texas 75013-3837, which is located in the Eastern District of Texas. *Micron I*, Dkt. 145 (Second Amended Complaint in 22-cv-203), ¶¶ 5-8; *Samsung II*, Dkt. 101 (Second Amended Complaint in 22-cv-294), ¶¶ 5-8; *see also* https://www.micron.com/about/locations. As Netlist has alleged in the Eastern District, Micron "makes, uses, sells, offers for sale, imports, advertises, makes available, and/or markets products within the State of Texas and the Eastern District of Texas that infringe one or more claims of the Patents-in-Suit," which is sufficient to establish personal jurisdiction in the Eastern District. *Samsung II*, Dkt. 101 (Second Amended Complaint in 22-cv-294), ¶ 13; *see Absolute Software, Inc. v. World Computer Sec. Corp.*, No. A-09-CA-142-LY, 2009 WL 10678335, at *6 (W.D. Tex. Dec. 2, 2009) ("When a defendant infringer is shown to have sold the allegedly infringing product in the forum, the forum may exercise personal jurisdiction over the defendant."). Micron has never contended otherwise.

Third, the Eastern District is a proper venue as well. An "action for patent infringement may be brought in the judicial district where . . . the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Micron has never disputed that it has a "regular and established" "physical" "place of business" within the Eastern District or that alleged acts of infringement occurred there. *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

## B.     The Private Interest Factors Favor Transfer

Each of the "private interest" factors that courts must consider as part of the transfer analysis weighs in favor of transfer here.

1.     **The Practical Problems that Make Trial of a Case Easy, Expeditious and Inexpensive Weigh in Favor of Transfer**

When considering the private interest factors, courts must consider "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315. "Particularly, the existence of duplicative suits involving . . . similar issues may create practical difficulties that will weigh heavily in favor . . . of transfer." *PersonalWeb Techs, LLC v. NEC Corp. of Am., Inc.*, No. 6:11-CV-655, 2013 WL 9600333, at \*5 (E.D. Tex. Mar. 21, 2013) (citing *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009)). Indeed, the "consideration of the interest of justice, which includes judicial economy, may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result." *Lifestyle Sols., Inc. v. Abbyson Living LLC*, 2017 WL 5257006, at \*4 (E.D. Tex. Nov. 10, 2017). Accordingly, it is "beyond question that the ability to transfer a case to a district with numerous cases involving some overlapping issues" favors transfer. *In re Apple Inc.*, 979 F.3d 1332, 1344 (Fed. Cir. 2020) (district court erred by not considering the "judicial economy benefits on the other side of the ledger: namely, as the district court conceded, there are pending cases in NDCA with 'some overlapping issues'"); *see also Danmark v. Shenzhen Apaltek Co.*, No. W-21-CV-00501-ADA, 2022 WL 1445391, at \*6 (W.D. Tex. May 6, 2022) (concluding that "overlapping issues in the transferee forum" "strongly favor[ed] transfer") (citing *In re Apple Inc.*, 979 F.3d at 1344). This is true "[e]ven when different issues arise, such as those specific to different accused products" because "a court's familiarity with the technology can help resolve those issues more expeditiously." *Scramoge Tech. Ltd. v. Apple Inc.*, No. 6-21-CV-01071-ADA, 2023 U.S. Dist. LEXIS 206848, \*30 (W.D. Tex. June 22, 2023).

Here, the Eastern District has extensive familiarity with the technology and patent specifications at issue in this action. Judge Gilstrap is currently presiding over three co-pending

cases between Netlist and Micron concerning related patents in the same field of technology and DDR4 LRDIMM products. Judge Gilstrap is also presiding over a co-pending case concerning the '608 patent, which Netlist has also asserted against Micron in this case. Judge Gilstrap has expended substantial resources presiding over these actions.  As noted above, the '314 patent claims share a same claim limitation with the '417 patent at issue in *Micron II* and Judge Gilstrap has just heard and decided on a summary judgment motion concerning that very limitation.  *See Samsung II*, Dkts. 345, 370; *Micron II*, Dkt. 73, at p. 2 (denying Micron's Motion for Summary Judgment of Noninfringement of the '912 and '417 patents (Dkt. 345)), *id*. at p. 2-3 (denying Micron's Motion for Summary Judgment of Lack of Written Description of the '417 patent (Dkt. 370)).

Judge Gilstrap, or in some instances Magistrate Judge Payne or Special Master Judge Folsom (Ret.), has resolved many discovery disputes—some of which involved disputes over the millions of pages of documents produced across these matters—including through in-person hearings.  He has also adjudicated well over a hundred substantive motions, and conducted a jury trial and a bench trial.  For example, the Eastern District conducted claim construction for the '608 Patent (*Samsung II*, Dkt. 228) and the related '506 patent (*Micron I*, Dkt. 249 (claim construction order of Magistrate Judge Payne), at p. 16-21; *id*., Dkt. 448 (adopting Magistrate Judge Payne's order)), as well as for the '417 and '215 patents that share the same specification as the '314 patent (*Samsung II*, Dkt. 228).  Moreover, Judge Gilstrap will soon hold a trial concerning Netlist's assertion of the '608 against Samsung, which will likely resolve some of the dispute with Micron also (*e.g.*, related to the interpretation of the term "memory operation"). *See, e.g.*, *Samsung II*, Dkts. 135, 228, 685, 689. Likewise, the parties' disputed terms of the '314 patent asserted in this case include some of the very same terms the EDTX Court recently construed for the '215 patent

and related patents in the *Micron II* action heading to trial on April 29th, such as "logic," "burst of data strobe signals," "overall CAS latency," "actual operational CAS latency," and "circuitry." *Compare* 22-cv-136, Dkt. 66-1 (Joint Claim Construction Chart), *with Netlist, Inc. v. Samsung Elecs. Co.,* No. 2:22-CV-00293-JRG, 2023 WL 8101855 (E.D. Tex. Nov. 21, 2023). Judge Gilstrap's familiarity with the patents at issue clearly favors transfer. *See, e.g., In re Eli Lilly & Co.*, 541 F. App'x 993, 994 (Fed. Cir. 2013) ("Deference is particularly appropriate" where the court has "prior familiarity with the patents and opportunity to resolve two cases involving the same product and patents."); *In re EMC Corp.*, 501 F. App'x. 973, 976 (Fed. Cir. 2013) ("[T]he co-pendency of cases involving the same patent [is a] permissible consideration[] in ruling on a motion to transfer venue.").

Judge Gilstrap now also has deep familiarity with the background facts and technology relevant to this case.  As noted, the Eastern District cases and the present action involve the same accused products, DDR4 LRDIMMs. In addition, Judge Gilstrap has resolved issues relating to the relationship and history of the parties, including dismissing Micron's antitrust counterclaims arising from Netlist's prior negotiations with Micron. *Micron II*, Dkt. 50.  Judge Gilstrap has also considered and issued decisions related to public accessibility of certain JEDEC documents, JEDEC's definition of standards essentiality, disclosure duties under JEDEC policy, and FRAND obligations etc.  *See e.g.*, *Samsung II*, Dkts. 340, 362; *Micron II*, Dkt. 73.  These are highly complex factual and legal issues.  This likewise favors transfer. *Topia Tech., Inc. v. Dropbox, Inc.*, No. W-21-CV-01373-ADA, 2023 WL 1978909, *8 (W.D. Tex. Feb. 13, 2023) ("[A] court's familiarity with the technology . . . can help resolve these issues more expeditiously.") (granting transfer).[6]

---

[6] Micron previously attempted to temporally lift the stay in this case to amend its complaint to add claims for declaratory relief for the patents at issue in the Eastern District.  Dkt. 72. Micron argued that this was proper given that the issues here "significantly overlap with those in the new

While transferring this matter to the Eastern District would indisputably promote the efficient resolution of the parties' disputes, rejecting a transfer may delay this case for several more years, causing substantial prejudice to Netlist.  As courts in this District have held, "transfer is proper when an obstacle prevents prompt adjudication of the case in the district where it was brought originally." *Xenex Healthcare Servs., LLC v. LaRochelle*, No. 5:17-CV-328-DAE, 2017 WL 11236967, at *5 (W.D. Tex. June 23, 2017). That is certainly true here. This case has been without a judge for nearly a year following Judge Yeakel's retirement. Moreover, due to numerous unfilled judicial vacancies, "the Austin Division[] is heavily congested," and there is a significant "backlog of case dispositions" in this district. *Clarke v. Commodity Futures Trading Comm'n*, No. 1:22-CV-909-DAE, 2024 WL 626617, at *3 (W.D. Tex. Jan. 16, 2024). Even when a judge is ultimately assigned, it will likely take substantial time for the Court to learn the issues and underlying technology and legal issues that the Eastern District judges are already intimately familiar with.  *Id.* (granting transfer because "this Court's own heavy docket in the Western District would prevent this case from proceeding to resolution in a more expeditious manner than would be in the D.C. District."); *see also Umbra Techs. Ltd. v. VMware, Inc.*, No. 1:23-CV-904, 2024 WL 1123592, at *5 (W.D. Tex. Mar. 13, 2024) ("In addition**,** the undersigned has an exceptionally busy civil caseload as the only active district judge in the Austin division of the Western District of Texas, with over 900 pending civil cases. Overall, the heavy Austin caseload and slower district-wide disposition times outweigh the marginally faster time to trial. This factor therefore weighs in

---

EDTX lawsuits." *Id.* at 1. Thus, Micron cannot claim that the WDTX and EDTX suits are wholly unrelated. Netlist opposed Micron's motion on numerous grounds, including that the WDTX and EDTX patents were not "so similar as to be considered essentially the same set of patents." Dkt. 74 at 10. But the fact that these patents should not be adjudicated *as part of the same case* does not change the fact that the EDTX is the more appropriate forum given its in depth knowledge of the field of technology that the patents cover and the accused products at issue.

favor of transfer.").

The prejudice of continued delay is especially strong here.  First, Netlist and Micron are direct competitors. *Netlist v. Micron,* No. 2:22-cv-00203-JRG-RSP (E.D. Tex. Jan. 3, 2024) ("A delay in the proceedings would be prejudicial to Netlist as a direct competitor to Micron."). Second, while Netlist is currently selling or designing products in direct competition with Micron's DDR4 LRDIMM products, DDR4 LRDIMMs are becoming a legacy product.  Due to rollout of next generation DDR5 DIMMs, the accused DDR4 LRDIMM products are near the end of their life and may be obsolete by the time this case can be brought to trial in the Western District.[7] Third, the '314 patent expires in 2025, and any further delay dramatically limits Netlist's ability to seek injunctive relief.  Ex. 1 (expires March 7, 2025, per USPTO calculator).  Netlist "like all patent owners, has a recognized interest in the timely enforcement of its patent rights," and "[t]his delay is especially burdensome where, like here, the parties are competitors in the marketplace." *Invensys Sys., Inc. v. Emerson Elec. Co.*, No. 6:12-CV-00799, 2014 WL 4477393, at *2 (E.D. Tex. July 25, 2014) (citing *VirtualAgility Inc. v. Salesforce.com, Inc.*, 2014 WL 3360806, at *9 (Fed. Cir. July 10, 2014). The Court should accordingly transfer this case to the Eastern District where it can be promptly resolved without prejudice to either party.

> ## 2. The Private Interest Convenience Factors Favor Transfer to the Eastern District

Because the interest of justice clearly favor transfer as demonstrated above, the Court should transfer this case "even if the convenience of the parties and witnesses might call for a different result." *Lifestyle Sols.,* 2017 WL 5257006, at *4. Nonetheless, the "convenience

---

[7] https://www.tomshardware.com/news/micron-unveils-24gb-and-48gb-ddr5-memory-modules (Jan. 17, 2023 article stating that "Micron has introduced its new DDR5 memory modules").

factors"—i.e., ease of access to sources of proof, costs of transfer, and compelling witnesses—likewise all support transferring this case to the Eastern District.

The parties have already completed discovery in the *Micron I* and the *Micron II* cases in the Eastern District where the patents and products involve similar technology, and Eastern District of Texas has already adjudicated numerous discovery disputes between the parties. *Supra*, 9-10. *See Freeman v. Apple, Inc*., No. 3:23-CV-02426, 2023 WL 5110926, at *5 (N.D. Cal. Aug. 9, 2023) (holding that "the other 'convenience factors,' including ease of access to sources of proof, costs of transfer, and compelling witnesses, all favor transfer because of this case's relationship with the *Deebs-Elkenaney* case and other related cases in New York . . . ***This is especially true because fact discovery is already complete in the first New York action***.") (emphasis added); *see also Henry v. JP Morgan Chase & Co.*, No. 14-CV-7176 (AJN), 2015 WL 13949710, at *5 (S.D.N.Y. May 11, 2015) ("[I]t would be more convenient to proceed in the forum where significant discovery has already occurred."); *Universal Pipe & Supply, Inc. v. Merchants Int'l, Inc*., No. 91 C 3566, 1991 WL 214070, at *3 (N.D. Ill. Oct. 16, 1991) ("[S]ince the earlier-filed action is already proceeding in the Northern District of Indiana the discovery would be expedited and simplified.").  For example, Micron and Netlist have collectively produced over one million pages of documents in the Eastern District much of which will be relevant to this case. This includes technical documents relating to Micron's DDR4 LRDIMMs, sales data relating to those DDR4 LRDIMMs going back several years, and substantial information regarding Micron's U.S. sales of accused products over that time period as well. Moreover, Netlist has deposed several Micron DDR4 engineers and corporate representatives on the operation of Micron's DDR4 LRDIMMs, including Micron's direct of DRAM design. Micron has also deposed two of the inventors of the Asserted Patents in this case, Jeffrey Solomon and Dr. Hyun Lee. Finally, the

parties have taken substantial third-party discovery in the Eastern District relating to the operation and components of DDR4 LRDIMMs.

Adjudicating this dispute in the Western District of Texas provides no advantages in terms of ease of access to sources of proof or witness availability.  Although Micron has offices in Austin, TX, Micron has never suggested that any relevant witnesses are based there or listed them as persons with relevant knowledge in either of the admittedly overlapping *Micron I* or *II* actions. A party's presence in the transferor district does not affect the assessment of this factor if that presence is not relevant to the case. *See, e.g., In re HP, Inc.*, No. 2018-0149, 2018 WL 4692486, at *1–2 (Fed. Cir. Sept. 25, 2018) (finding transfer to the NDCA appropriate even though defendant "maintain[ed] an office" within the transferor district). Indeed, this Court has granted a motion to transfer, notwithstanding a defendant's Austin office (housing 7,000 employees) where "there is no evidence . . . that demonstrates a single employee from the Austin campus has knowledge and/or documents relevant to this case." *Cub Club Inv., LLC v. Apple Inc.*, No. 6:20-cv-00856-ADA (W.D. Tex., Sept. 7, 2021), Dkt. 28 at 8; *see also DataQuill, Ltd. v. Apple Inc.*, No. A-13-CA-706-SS, 2014 WL 2722201, at *1, 3 (W.D. Tex. June 13, 2014) (granting transfer to the NDCA even though defendant "employs some 3,500 people" in this district where no witnesses were identified in the WDTX). Moreover, as discussed above, Micron also maintains an established place of business in the Eastern District as well. Accordingly, Micron's mere presence in Austin does not affect transfer.

The fact that discovery has already been completed in two actions involving related technologies and products in the Eastern District—much of which will also be relevant to this case—demonstrates that it would be more convenient to litigate this dispute in that forum.

## C.   The Public Interest Factors Support Transfer

Like the private interest factors, the public interest factors weigh in favor of transferring this matter to the Eastern District. In particular, the Western District is severely congested, and the Eastern District will be able to try this case far more quickly. *Volkswagen II*, 545 F.3d at 315 (identifying "the administrative difficulties flowing from court congestion" as a public interest factor supporting transfer). "[T]he speed with which a case can come to trial and be resolved" is highly relevant to whether a case should be transferred. *In re Apple*, 979 F.3d at 1343. Here, there can be little doubt that the Eastern District will be able to resolve this case more quickly. There is currently only one active judge in this district, which has inevitably resulted in slower disposition times. *See, e.g., Clarke*, 2024 WL 626617, at *3; *Umbra Techs. Ltd.,* 2024 WL 1123592 *5. Any delay is likely to be exacerbated by the fact that this case is currently not assigned to any judge.

In contrast, the Eastern District has relatively short disposition times particularly in patent cases. Based on information collected from Docket Navigator regarding patent cases filed since January 2021, the Marshall Division of the Eastern District of Texas has averaged 19.8 months from filing to jury trial. Ex. 2. Moreover, less time would be needed to prepare for trial, as the Eastern District is already presiding over two cases between Netlist and Micron involving related technologies, and another between Samsung and Netlist involving the same '608 patent. .[8]

## IV.     THE COURT SHOULD LIFT THE STAY FOR THE LIMITED PURPOSE OF TRANSFERRING THIS CASE

Finally, the Court should lift the stay in this case for the limited purpose of transferring it to the Eastern District. "When deciding whether to either impose a stay or lift an already-imposed stay pending IPR, the court considers the same three factors: (1) whether a stay will simplify the

---

[8] None of the other two public interest factors—"the local interest in having localized interest decided at home," "the familiarity of the forum with the law that will govern the case," or "the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law"—have any relevance to this dispute and are thus neutral. *Volkswagen II,* 545 F.3d at 315.

issues in question and trial of the case; (2) whether the stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; and (3) whether discovery is complete and whether a trial date has been set." *Network-1 Sec. Sols., Inc. v. Alcatel-Lucent USA Inc.*, No. 6:11CV492, 2015 WL 11439060, at *2 (E.D. Tex. Jan. 5, 2015). On balance, these factors warrant the limited lifting of the stay that Netlist is seeking here.

First, for all the reasons explained above, transfer to the Eastern District would greatly simplify this case. Second, Micron will suffer no prejudice if this case is litigated in Eastern District, while Netlist will suffer prejudicial delay if this case remains in this district where trial is likely years away. Third, lifting the stay to transfer this case to the Eastern District would streamline completion of discovery (as that forum has already completed discovery twice-over in other Netlist/Micron cases) and claim construction (that forum has already construed the claims of the '608 patent). .

To the extent that Micron argues that some of Netlist's patent claims should remain stayed while pending IPR appeals are adjudicated, this is incorrect. *See UNM Rainforest Innovations v. TP-Link Techs. Co.*, No. 6:19-CV-00262-ADA, 2023 WL 2638273, at *3 (W.D. Tex. Mar. 24, 2023) ("[T]he case law concerning motions to extend stays pending Federal Circuit review of a PTAB decision in an IPR proceeding substantially favors lifting the stay.") (quoting *Dermafocus LLC v. Ulthera, Inc.*, No. 15-654, No. 15-654, 2018 WL 5113960, at *2 (D. Del. Oct. 19, 2019); *see also id.* ("[T]he mere *possibility* . . . that the asserted claims could be invalidated [after an] appeal and [that this would] result in simplification is too speculative to be given much weight."). Regardless, the question of whether any limited stay should remain in effect should be adjudicated by Chief Judge Gilstrap in the Eastern District for the same reasons as discussed above. Thus, this Court should grant Netlist's narrow request to lift the stay to allow transfer to the Eastern District.

.

## V.     CONCLUSION

For the foregoing reasons, the stay should be lifted, and this case should be transferred to

the Eastern District of Texas, Marshall Division.

Dated: April 19, 2024                              Respectfully Submitted,

/s/ *Michael Harbour*
Michael Harbour
mharbour@irell.com
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010

Philip Warrick
pwarrick@irell.com
IRELL & MANELLA LLP
750 17th Street NW
Suite 850
Washington, DC 20006
Tel. (202) 777-6500

Kelly Ransom (TX Bar No. 24109427)
**KELLY HART & HALLMAN LLP**
303 Colorado, Suite 2000
Austin, Texas 78701
(512) 495-6429
kelly.ransom@kellyhart.com

*Attorneys for Plaintiff Netlist, Inc.*


## <u>CERTIFICATE OF CONFERENCE</u>

The undersigned hereby certifies that counsel for Netlist, Inc. conferred with Defendants'

counsel, and this Motion is opposed.

/s/ *Kelly Ransom*

- 17 -

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 19, 2024, to all counsel of record via the Court's CM/ECF system.

<u>/s/      *Kelly Ransom*</u>